IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERMAN CRAYTON FLUELLEN, | ) | |
| Petitioner, | ) | Civil Action No. 14-cv-91 Erie |
| | ) | |
| v. | ) | District Judge Mark R. Hornak |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY L. MEEKS, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction.

**II.     REPORT**

Petitioner, Sherman Crayton Fluellen, is a federal inmate incarcerated at the Federal Correctional Institution at McKean. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) in which challenges the legality of the sentence imposed upon him on February 25, 2008, by the U.S. District Court for the Northern District of Ohio. He alleges that he is "actually innocent" of his career offender status. He requests, *inter alia*, that the Court order that he be immediately released from prison.

   **A.     Relevant Statutory Background**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 &

1

2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[1] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 expressly prohibits a federal court from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause," "safety valve," or "safety hatch."

---

[1] Although a motion under § 2255 is not a petition for a writ of habeas corpus, but rather a motion to set aside, vacate or correct a sentence, it may afford the same relief, and is habeas corpus' practical substitute for federal prisoners. Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

**B. Relevant Factual Background**

On December 17, 2007, Petitioner appeared before the U.S. District Court for the Northern District of Ohio and pleaded guilty to two counts of bank robbery. The court determined that he was a career offender with the meaning of U.S.S.G. § 4B1.1 based on his prior state conviction of attempted escape. It sentenced him to 130 months of incarceration to be followed by four years of supervised release.

In September 2010, Petitioner filed with his sentencing court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Resp's Ex. C, ECF No. 6-4 at 1-10). In it, he challenged his sentence on the same ground that he raises in the instant habeas petition: that pursuant to the holdings in Begay v. United States, 553 U.S. 137 (2008), Chambers v. United States v. Chambers, 555 U.S. 122 (2009), and United States v. Ford, 560 F.3d 420 (6th Cir. 2009), he was incorrectly classified as a career offender. The court dismissed Petitioner's motion because it was filed outside the one-year statute of limitations, which is codified at 28 U.S.C. § 2255(f)(1). (Resp's Ex. D, ECF No. 6-5 at 1-5). The U.S. Court of Appeals for the Sixth Circuit denied Petitioner's subsequent application for a certificate of appealability. (Resp's Ex. F, ECF No. 6-7 at 1-3).

Petitioner filed a second § 2255 motion with his sentencing court in August 2012, in which he argued that his trial counsel was ineffective for failing to negotiate a plea that included his right to an appeal so that he could challenge his career offender status. (Resp's Ex G, ECF No. 6-8 at 1-12). Because Petitioner's motion was a second or successive § 2255 motion, the sentencing court transferred it to the Court of Appeals for the Sixth Circuit for authorization to file it. (Resp's Ex. H, ECF No. 6-9 at 1-5). On July 23, 2013, the court of appeals issued an Order in which it declined to give Petitioner authorization to file a second or successive § 2255 motion. (Resp's Ex. I, ECF No. 6-10 at 1-3).

3

Having had no success with the § 2255 motions he filed with his sentencing court, Petitioner, who is incarcerated within the territorial boundaries of the Western District of Pennsylvania, filed the instant § 2241 petition with this Court. (ECF No. 1). He alleges that his state conviction of attempted escape does not qualify as a "crime of violence" within the meaning of U.S.S.G. § 4B1.1 and, therefore, he is "actually innocent" of a career offender status.

In his Answer (ECF No. 6), Respondent contends that the petition must be dismissed for lack of subject matter jurisdiction. Petitioner did not file a Reply.

**C.     Discussion**

Petitioner contends that his case falls within § 2255's "savings clause" and, therefore, this Court has jurisdiction over it under § 2241. It is Petitioner's burden to establish that the remedy under § 2255 is inadequate or ineffective. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). He has not met the requisite burden.

The § 2255 remedy is not rendered inadequate or ineffective so as to permit resort to § 2241 merely because Petitioner's first § 2255 motion was dismissed as untimely or because he is prevented by § 2255's gate-keeping requirements from litigating a second or successive § 2255 motion. See, e.g., In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a . . . petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of [the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the

4

stringent gatekeeping requirements of the amended § 2255."); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (same); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the § 2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

It is only the extraordinarily rare case that falls within § 2255's savings clause, and this case is not one of them. In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the U.S. Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to include a one-year statute of limitations and the prohibition against the filing of second or successive motions. The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil applied to the Court of Appeals for the Third Circuit for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or

successive § 2255 motion.[2] It concluded, however, that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255*." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").
>
> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."
>
> There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

---

[2] Although Bailey was a substantive rule that applied retroactively to cases on collateral review, Bousley v. United States, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in Bailey was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law* . . . that was previously unavailable[.]" Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

Dorsainvil, 119 F.3d at 250-51 (emphasis added).

Petitioner contends that this case falls within § 2255's "savings clause" because, just as Bailey rendered Dorsainvil potentially actually innocent of violating § 924(c)(1), Petitioner is actually innocent of the career offender status. His argument must be rejected. The Court of Appeals for the Third Circuit has excluded from the ambit of Dorsainvil the type of sentencing-related claim that Petitioner is making in this case. In Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), the petitioner argued in a § 2241 habeas corpus petition that the sentence imposed upon him violated the Supreme Court's holding in Apprendi because the judge increased his sentence on the basis of drug quantity not found by a jury. The Court of Appeals for the Third Circuit rejected his argument, holding:

> Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In In re Dorsainvil, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). We found such a situation in In re Dorsainvil, where the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal. See id.
>
> The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of a § 2255 motion. However, In re Dorsainvil was a rare situation. A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).
>
> - - -
>
> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi *dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke*

7

> *was convicted, not criminal*. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Id. at 121 (emphasis added).

In the non-precedential decision of McIntosh v. Shartle, 526 F.App'x 150 (3d Cir. 2013) (per curiam), the Court of Appeals for the Third Circuit relied on its holding in Okereke to reject the petitioner's argument that the decision in Begay permitted him to utilize § 2255's savings clause so that he could challenge the sentence imposed upon him under the ACCA. The court held:

> McIntosh has not shown that a § 2255 motion would be inadequate or ineffective…. [He] is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal).

McIntosh, 526 F.App'x at 152. The Court of Appeals for the Third Circuit reached the same conclusion in more recent non-precedential decision, Scott v. Shartle, 574 F.App'x 152 (3d Cir 2014). In that case, it relied upon the holding in Okereke and held: "[B]ecause [the petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241." Scott, 574 F.App'x at 155.

Based upon all of the foregoing, the Court must conclude that this case does not fall within the narrow "savings clause" exception set forth in Dorsainvil.[3] Because this case does not present the rare

---

[3] The Court recognizes that Dorsainvil does not answer the question of whether the circumstance the Court of Appeals for the Third Circuit confronted in that case is the *only* situation in which a petitioner may be able to establish the adequacy or ineffectiveness of § 2255's remedy. 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable."). However, it is as of this date the only circumstance recognized by the Court of Appeals for the Third Circuit since the enactment of AEDPA.

8

situation rendering § 2255 inadequate or ineffective, this Court does not have jurisdiction and the petition should be dismissed.

### D. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012). As such, the Court should make no certificate of appealability determination in this matter.

### III. CONCLUSION

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 27, 2015

cc: The Honorable Mark R. Hornak
United States District Judge